**Joseph R. GIANNINI,
Plaintiff–Appellant,**

**v.**

**Manuel L. REAL, et al.; A. Wallace
Tashima, Defendants–Appellees.**

No. 89–55466.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided Aug. 16, 1990.

Joseph R. Giannini, Marina del Rey, Cal., in pro. per.

Roger E. West, Asst. U.S. Atty., Los Angeles, Cal., for all federal defendants-appellees.

Christopher G. Caldwell, Hedges, Powe & Caldwell, Los Angeles, Cal., for defendant-appellee Tashima.

Lawrence C. Yee, Committee of Bar Examiners, San Francisco, Cal., for all state defendants-appellees.

Before HUG, HALL and TROTT, Circuit Judges.

HUG, Circuit Judge:

This case presents two issues: (1) whether the California Bar Examination and its grading process are constitutional; and (2) whether the Local Rules of the United States District Courts for the Central, Southern and Eastern Districts of California, which require attorneys seeking admission to those courts to be members in good standing of the California State Bar, are constitutional. The district court held both the bar examination and the local rules to be constitutional. We affirm.

## I. *Procedural Background*

Joseph R. Giannini, a California resident, is an attorney who passed the New Jersey and Pennsylvania bars. After failing the California bar twice, Giannini challenged the constitutionality of the California Bar Examination. *Giannini v. The Comm. of Bar Examiners*, C–87–3797–JGD. We affirmed the district court's dismissal of that action, holding that Giannini had failed to appeal to the state supreme court which has the authority to grant or deny admission to the bar, and that Giannini therefore had suffered no deprivation under federal law. *Giannini v. The Comm. of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988).

In a separate action, Giannini challenged the federal district courts' local admission rules, which require membership in the State Bar of California (collectively, the "challenged local rules").[1] *Giannini v. Real*, C–88–012467. The district court ordered the action stayed until Giannini had fully exhausted his administrative remedies with the State Bar of California.

In July, 1988, Giannini filed a Petition for Admission and Other Declaratory Relief with the California Supreme Court. On October 12, 1988, the California Supreme Court denied the petition in a one-line order.

Giannini filed the instant complaint on October 24, 1988, challenging his denial to practice law in the State of California, and in the United States District Courts for the Central, Southern and Eastern Districts of California.

The defendants in Giannini's action are: The California Supreme Court and the named Justices of that Court, The Committee of Bar Examiners and the Committee's Members (collectively referred to as "State Defendants"), and the said District Courts and the named Judges of those Courts (collectively referred to as "Federal Defendants").

Giannini moved for summary judgment for admission to practice in the named federal district courts and for a preliminary injunction ordering admission to the California bar. He also moved for default judgment against individually named members of the Committee of Bar Examiners and for criminal sanctions against the Committee's attorneys. The State and Federal Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

The district court denied Giannini's motions and dismissed Giannini's claims. *Giannini v. Comm. of Bar Examiners*, 711 F.Supp. 992 (C.D.Cal.1989). Giannini timely appealed pro se the district court's dismissal of his claims against the Federal and State Defendants.

## II. *Claims Against the State Defendants*

Giannini alleges that the California Supreme Court and the Committee of Bar Examiners have violated the Fourteenth Amendment's Due Process and Equal Protection Clauses, the Privilege and Immunities Clause of Art. IV, § 2, and the Commerce Clause of Art. I, § 8. Giannini also brings claims for damages pursuant to 42 U.S.C. §§ 1983 and 1985 against the Committee and its members. Finally, Giannini brings state law claims against the Committee based on alleged breach of contract and fraud.[2]

### A. Claimed Constitutional Violations

The district court dismissed Giannini's constitutional claims against State Defendants on the grounds of *res judicata* based on the ruling of the California Supreme Court. *Giannini*, 711 F.Supp. at 997. We

---

1. The challenged bar membership rule of the Central District reads:

 Central District of California—Local Rule 2.2.-1:

 Admission to and continuing membership in the Bar of this Court is limited to persons of good moral character who are active members in good standing of the State Bar of California.

 Local Rule 110–3(a)(1) of the Southern District and Local Rule 180(a) of the Eastern District are nearly identical.

2. The district court properly dismissed Giannini's two pendent state law claims against the Committee for lack of jurisdiction. *See Giannini*, 711 F.Supp. at 996.

decline to discuss this issue. We find that even if Giannini's claims were not barred by *res judicata*, he still failed to state a valid constitutional claim. We discuss Giannini's claims in turn.

### 1. *Procedural Due Process*

■ Giannini asserts that he was denied his procedural due process because he was not provided "any reason or notice" on why he failed the bar examination or "any opportunity to be heard or present any claim or defense" to the California Supreme Court and because the California Supreme Court decision denying his admission did not include a written opinion. We find this argument to be unpersuasive.

The rules governing admission to the California bar provide that an unsuccessful bar applicant can see his examination. *See* Cal.Bus. & Prof.Code § 6065 (West 1990). Accordingly, Giannini was able to see why he failed. Further, the rules provide that an unsuccessful applicant can petition the supreme court for review of the denial of his admission. *See* Cal.Bus. & Prof.Code § 6066 (West 1990). Giannini petitioned the California Supreme Court and had an opportunity to present his claim before the supreme court via the petition. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982) (a "full and fair opportunity" means that the "state proceedings need do no more than satisfy the minimal procedural requirements for the Fourteenth Amendment's Due Process Clause."). We therefore find that the State provided Giannini with procedural due process. *See Sutton v. Lionel*, 585 F.2d 400, 403 (9th Cir.1978) (holding that the rules governing admission to the Nevada bar, which allow the unsuccessful applicant to see his exam and peti-

tion the Nevada Supreme Court for review of the applicant's denial of admission, satisfy the requirements of due process).[3]

### 2. *Privileges and Immunities Clause*

■ Giannini alleges that the Committee discriminates against attorneys licensed in other states by forcing them to take the California bar once they have already passed their own state's bar. Giannini argues that this violates the Privileges and Immunities Clause. We disagree.

Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause. *See Levanti v. Tippen*, 585 F.Supp. 499, 507 (S.D.Cal.1984) ("The lack of disparate treatment of non-residents . . . eliminates the possibility of a barrier to interstate travel."). There is no discrimination on the basis of non-residency or citizenship in California because neither California citizenship nor residency is a requirement for California bar applicants. *Id.*[4] The absence of any disparate treatment of nonresidents is fatal to Giannini's claims.[5]

### 3. *Equal Protection*

■ Giannini also argues that the California Bar Examination's format and grading process violates the Equal Protection Clause under the Fourteenth Amendment. To support this claim, Giannini notes the high percentage of attorneys who fail the California bar. Moreover, he asks this court to use the strict scrutiny standard when applying the Equal Protection analysis. We do not find Giannini's argument to be persuasive nor do we accept his proposed standard of scrutiny.

---

**3.** *Accord Lucero v. Ogden*, 718 F.2d 355, 357 (10th Cir.1983), *cert. denied*, 465 U.S. 1035, 104 S.Ct. 1308, 79 L.Ed.2d 706 (1984); *Poats v. Givan*, 651 F.2d 495, 496–97 (7th Cir.1981); *Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir.1980); *Whitfield v. Ill. Bd. of Law Examiners*, 504 F.2d 474, 477–79 (7th Cir.1974).

**4.** Giannini is a California resident. Thus, even if a California residency requirement existed, it would not affect Giannini.

**5.** Giannini claims his right to travel was violated. He also claims the right to travel is derived from the Commerce Clause. We need not delve into the right-to-travel cases. The lack of disparate treatment of non-residents or recent arrivals eliminates the barrier to interstate travel. *See Levanti*, 585 F.Supp. at 507.

■ When analyzing a discrimination claim under the Fourteenth Amendment, we must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test. *Lupert v. Cal. St. Bar*, 761 F.2d 1325, 1327–28 (9th Cir.1985). Here, the challenged bar examination neither impairs a fundamental right nor discriminates against a suspect class. There is no fundamental right to practice law or to take the bar examination. Attorneys do not constitute a suspect class. *Id.* at 1327 n. 2. Therefore, a rational level of scrutiny is used.

Overwhelming legal authority supports this view that review of state procedures for bar admissions and testing is guided by the rational basis standard. *Schware v. Bd. of Examiners*, 353 U.S. 232, 238–39, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957).[6] Further, our cases hold that a state need not use a professionally validated examination or, as Giannini suggests, a more reliable measure of professional competence, *see Tofano v. Sup.Ct. of Nev.*, 718 F.2d 313, 315 (9th Cir.1983) (citing *Tyler v. Vickery*, 517 F.2d 1089, 1102 (5th Cir.1975)), and that an examination is not invalidated on the basis of a low percentage of passing applicants. *Chaney v. State Bar of Cal.*, 386 F.2d 962, 965–66 (9th Cir.1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968).

It is clear that each state is free to prescribe the qualifications for admission to practice for those lawyers who appear in its courts. *Leis v. Flynt*, 439 U.S. 438, 442, 99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979). California has the right to make its examination more comprehensive and difficult than other states. *Chaney*, 386 F.2d at 964–65. We find that the format and grading process of the California Bar Examination bear a rational connection to the prac-

tice of law. We also hold that allowing California to set its own bar examination standards is rationally related to the legitimate government need to ensure the quality of attorneys within the state.

### 4. *Commerce Clause*

■ Giannini also contends that the bar examination is anti-competitive in that it unreasonably burdens free trade among states. He relies upon *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), in making this Commerce Clause argument. The Commerce Clause restricts actions by states which unduly burden interstate commerce or otherwise encroach upon legitimate federal authority. *See White v. Mass. Council of Constr. Employers*, 460 U.S. 204, 213, 103 S.Ct. 1042, 1047, 75 L.Ed.2d 1 (1983).

In *Sestric v. Clark*, 765 F.2d 655, 664 (7th Cir.1985), *cert. denied*, 474 U.S. 1086, 106 S.Ct. 862, 88 L.Ed.2d 901 (1986), the Seventh Circuit examined a Commerce Clause action in which a Missouri attorney, residing in Missouri, challenged the Illinois requirement of making non-residents take the Illinois bar. The Missouri attorney charged that the requirement violated both the Privilege and Immunities Clauses and the Commerce Clause. The Seventh Circuit held that when looking at the same alleged discrimination under the different clauses, the same standard should be used. *Id.* As the court found no privilege and immunities violation, it found no violation of the Commerce Clause. We adopt this analysis here.

In reviewing a claim under the Commerce Clause, "the court examines both the gravity of the interference with free interstate trade and the justifications offered for it, to see whether the burden is an unreasonable one in the circumstances." *Id.* Here, we do not find it to be an unreasonable interference with commerce for attorneys of other states to be required to

---

**6.** *Accord Tofano v. Sup.Ct. of Nev.*, 718 F.2d 313 (9th Cir.1983); *Sutton*, 585 F.2d at 403; *Chaney v. State Bar of Cal.*, 386 F.2d 962, 964 (9th Cir.1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968); *Levanti*, 585 F.Supp. at 507.

take the California bar to be able to practice in California.

### B. Section 1983 and 1985 Damage Claims

 To state a claim under 42 U.S.C. §§ 1983 and 1985, it is necessary to allege facts showing deprivation of rights secured by the Constitution or laws of the United States under color of state law. *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 624 (9th Cir.1988). Here, Giannini asserts constitutional claims against public officials. However, merely because public officials are involved, Giannini's state law tort claims are not transmuted into claims of deprivation of federal constitutional rights. *Havas v. Thornton,* 609 F.2d 372, 374 (9th Cir.1979). As we discussed above, we find that Giannini has failed to establish a violation of constitutional rights. Therefore, his section 1983 claim must fail.

Similarly, Giannini's claim against the Committee under 42 U.S.C. § 1985 also fails because deprivation of federal constitutional rights is a necessary element of the alleged conspiracy. *Id.* As we have already explained, Giannini fails to show that the Committee caused him such deprivation.

### C. Giannini's Motions

#### 1. *Motion for Preliminary Injunction*

Giannini's motion for preliminary injunction ordering admission to the California bar was based on the same alleged constitutional violations discussed above. Therefore, because he failed to state a constitutional claim, the district court did not abuse its discretion in denying the preliminary injunction motion.

#### 2. *Motion for Default Judgment*

Giannini seeks a $1 million dollar default judgment against Committee members of the Committee of Bar Examiners because they allegedly failed to respond to his service of process. The court did not abuse its discretion in denying this motion because Giannini failed to properly effectuate service. *See* Fed.R.Civ.P. 4(c); *Giannini,* 711 F.Supp. at 997–98.

#### 3. *Motion for Sanctions*

Further, it was not an abuse of discretion for the district court to order Giannini's motion for sanctions to be renoticed because the motion was untimely. *See Giannini,* 711 F.Supp. at 998.

### III. *Claims Against the Federal Defendants*

#### A. Constitutional Claims

The Local Admission Rules of the United States District Courts for the Central, Eastern, and Southern Districts of California limit membership in the bars of those courts to "persons of good moral character who are active members in good standing of the State Bar of California." *See* Local Rules, *supra,* at note 1.

Giannini alleges that this requirement violates the Due Process Clause of the Fifth Amendment, the Full Faith and Credit Clause, and the Right–to–Travel. Giannini also asserts that the local rules violate the principles of "right and justice."

The district court found that the Local Rules of the Central, Southern and Eastern Districts of California do not violate equal protection, due process, or any other constitutional rights. *See Giannini,* 711 F.Supp. 999–1000. We discuss each of these contentions.

#### 1. *Equal Protection*

 Giannini contends that the local rules violate his constitutional right to equal protection implicit in the Fifth Amendment to the United States Constitution. His theory is that the rules "discriminate" in favor of attorneys who are admitted to the State Bar of California.

Here, the challenged rules do not involve the impairment of a fundamental right because there is no fundamental right to practice law. Further, lawyers are not a suspect class. Therefore, a rational level of scrutiny is used. *See Lupert,* 761 F.2d at 1327.

■ Federal Defendants state six reasons why bar applicants to the named federal district courts in California must be members in good standing of the California Bar:

> (1) the defendant district courts, having no relevant procedures of their own, rely on the California bar examination for determination of fitness to practice law; (2) questions of California substantive law permeate the range of cases over which the district courts have subject matter jurisdiction; (3) membership in the California bar provides the district courts assurance that the character, moral integrity and fitness of prospective admittees have been approved after investigation; (4) allegations of professional misconduct can be brought to the attention of the State Bar; (5) such membership helps screen applicants who are guilty of ethical misconduct in any other jurisdiction; and (6) attorneys who are members of the California and the district court bars will not choose the forum for litigation on the basis of their membership in the federal bar rather than the clients' interests.

*Giannini*, 711 F.Supp. at 1000.

The six considerations set out by Federal Defendants amply satisfy the requirement of a rational basis for the classification. *See Maynard v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 701 F.Supp. 738, 741–43 (C.D.Cal.1988).

### 2. *Full Faith and Credit Clause*

■ Giannini also asserts that retesting of out-of-state attorneys violates the Full Faith and Credit Clause. The Full Faith and Credit Clause provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. Art. IV, § 1. Giannini's claim lacks merit because no act, record or judicial proceeding, in New Jersey or Pennsylvania, states that Giannini is entitled to practice law in California. *See Giannini*, 711 F.Supp. at 1000.[7]

### B. Rules of the Supreme Court

■ Giannini also alleges that the challenged local rules are inconsistent with the Rules of Practice and Procedure of the United States Supreme Court. We disagree.

28 U.S.C. § 2071(a) (1988) states that:

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed [by the Supreme Court].

Supreme Court Rule 5.1 requires that an applicant for admission to practice in that Court must be "admitted to practice in the highest court of the State, Territory, District, Commonwealth, or Possession for the three years immediately preceding the date of application."

In *Matter of Roberts*, 682 F.2d 105 (3d Cir.1982), Local Rule 4 of the United States District Court for the District of New Jersey limited practice before it to members of the New Jersey bar. Roberts challenged the rule on the identical ground of inconsistency urged by Giannini. In *Roberts*, 682 F.2d at 109, the court found that nothing in the challenged rule was inconsistent with the Supreme Court Rule 5.1. Following *Roberts*, we find that the challenged local rules are not inconsistent with the Supreme Court's Rules of Practice and Procedure. The Supreme Court's Rule only concerns admission to practice before that court. It does not prescribe the requirements to practice before federal district courts. The district court admission rules differ from the Supreme Court admission rules but are not inconsistent in that they each deal with separate courts. Local District Court Rules are not required to mirror Supreme Court Rules.

*See also Hawkins v. Moss*, 503 F.2d 1171, 1178–79 (4th Cir.1974), *cert. denied*, 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975).

---

**7.** Giannini also asserts a right-to-travel claim against Federal Defendants. This claim lacks validity here, as it did against State Defendants.

## C. Supervisory Authority

Judge Tashima, one of the named federal judge defendants, in a separate brief, urged this court not to reach the constitutional arguments, contending that we should, in the exercise of our supervisory authority, require an amendment to the District Court Rules. He bases his argument primarily on the case of *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987). In *Frazier*, Local Rule 21.2 of the Eastern District of Louisiana required that attorneys who were members of the bar of the State of Louisiana either reside or maintain an office in Louisiana in order to be admitted to the bar of that district court. The Court in *Frazier*, utilizing the "right and justice" standard in the exercise of its supervisory authority, held that the residency based rule was "unnecessary and irrational." *Id.* at 646, 107 S.Ct. at 2612. In so holding, the Court stated:

> [T]here is no reason to believe that nonresident attorneys who have passed the Louisiana bar examination are less competent than resident attorneys. The competence of the former group in local and federal law has been tested and demonstrated to the same extent as that of Louisiana lawyers, and its members are equally qualified.... A lawyer's application to a particular [district court] bar is likely to be based on the expectation of considerable local practice, since it requires the personal investment of taking the state bar examination and paying fees and annual dues. Moreover, other more effective means of ensuring the competence of bar members are available to the district courts, including examination or seminar attendance requirements.

*Id.* at 647–48, 107 S.Ct. at 2612–13.

*Frazier* is distinguishable from the instant case. *Frazier* is based on a local rule requiring residency. Here, a requirement of admission to the state bar, not a requirement of residency, is involved. In *Frazier*, the Court noted that the attorneys, although not residents, were competent because they had passed the Louisiana bar exam. Here, Giannini is a resident. However, he has not proved his competency because, unlike the attorney in *Frazier*, Giannini has not passed the state's bar.

We find that the challenged local rules, which require an attorney to pass the California bar before practicing in a federal district court, pass the "right and justice" standard. The district court discussed the reasons expressed for the District Court Rules and found them to satisfy the requirement for a rational basis for the classification. *Giannini*, 711 F.Supp. at 999. We agree, and, therefore, we affirm the district court's holding that the challenged local rules do not exceed the district court's power to promulgate local rules to conduct business.

AFFIRMED.