980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Plaintiff-Appellant,
v.
COMMISSIONER OF IRS; Frederick Nielson, Defendants-Appellees.
 No. 91-55297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Meeks appeals pro se the district court's summary judgment in Meeks' action against the Commissioner of the Internal Revenue Service ("IRS") and various IRS employees (collectively, "government") for Meeks' failure to respond to the government's summary judgment motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for further proceedings.
 
 
 3
 * Background
 
 
 4
 On December 4, 1989, Meeks filed a complaint against the Commissioner of the IRS and several IRS employees. On May 31, 1990, pursuant to Fed.R.Civ.P. 55(a), the clerk of the court entered a default judgment against the government for failure to respond to Meeks' complaint. On July 2, 1990, Meeks filed a motion for entry of default judgment against the government. The government opposed Meeks' motion, moved to set aside the default judgment, and moved for dismissal of Meeks' complaint pursuant to Fed.R.Civ.P. 12(b)(6). On July 16, 1990, the district court vacated the clerk's entry of default, denied the government's motion to dismiss, and gave Meeks 30 days to file an amended complaint. On August 15, 1990, Meeks filed his amended complaint.
 
 
 5
 On September 14, 1990, the government moved to dismiss Meeks' amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. The government also moved for sanctions against Meeks in the amount of $1,500 pursuant to Fed.R.Civ.P. 11. The government mailed these motions to Meeks at 37304 Calle Grande, Palmdale, CA 93550 ("Palmdale address"). On November 5, 1990, the district court held a hearing on the government's summary judgment and sanctions motions. An Assistant United States Attorney appeared on behalf of the government. There was no appearance by or on behalf of Meeks. The district court granted the motion for summary judgment as unopposed and ruled that it would impose sanctions against Meeks, in an amount to be determined by further proceedings.
 
 II
 Merits
 
 6
 On appeal, Meeks contends the district court erred by granting the government's summary judgment motion as unopposed. Meeks contends the district court failed to advise Meeks of the consequences of failing to respond to a summary judgment motion and therefore should not have granted summary judgment. Although, as a general rule, this court will not consider an issue raised for the first time on appeal, this court may do so in exceptional circumstances. See Prantil v. California, 843 F.2d 314, 319 n. 5 (9th Cir.) (per curiam) (court of appeals has discretion to address issue where review is necessary to prevent miscarriage of justice), cert. denied, 488 U.S. 861 (1988).
 
 
 7
 It is fundamental that before summary judgment is granted, the nonmoving party should be provided "a full and fair opportunity to ventilate the issues involved in the motion." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). The summary judgment rule itself requires that the motion "be served at least 10 days before the time fixed for the hearing." Fed.R.Civ.P. 56(c).
 
 
 8
 Here, the district court record indicates that on September 13, 1990 the government mailed its motions to Meeks at Meeks' Palmdale address. Nevertheless, Meeks states on appeal that he was incarcerated in San Diego, California beginning August 14, 1990. Moreover, the district court record includes correspondence from Meeks stating that he had sent numerous address changes to the district court, none of which was noted in the district court docket sheet.[1] If Meeks did notify the district court of his change of address but the district court did not note such change, then the district court's grant of summary judgment for Meeks' failure to oppose would be unjust because Meeks would not have had a meaningful opportunity to respond pursuant to Fed.R.Civ.P. 56(e). See Cool Fuel, 685 F.2d at 312. Accordingly, without addressing the merits of this case, we vacate the district court's summary judgment order and remand to the district court for a determination of the cause of Meeks' failure to file a response to the government's motion.[2]
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a letter to the district court filed April 1, 1991, Meeks stated that he had sent the district court six notices of change of address and that none of them was reflected in the district court docket sheet he received in March 1991. Additionally, in his March 1, 1991 application for photocopies of documents, Meeks stated that he had written to the district court in September, October, November, and December 1990, and January 1991 but had received no response
 
 
 [2]
 Meeks contends on appeal that the district court erred by denying his motion to enter default judgment against the government. This contention lacks merit. We review a district court's denial of a motion for default judgment for abuse of discretion. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). Because Meeks did not properly serve the government with his original complaint, the district court properly denied Meeks' motion. See Giannini v. Real, 911 F.2d 354, 359 (9th Cir.), cert. denied, 111 S.Ct. 580 (1990)
 Meeks also contends that the district court abused its discretion by imposing sanctions. The district court's order imposing sanctions did not set an amount; therefore, it was not a final, appealable order. See Jensen Electric Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989) (citing Barry v. Bowen, 825 F.2d 1324, 1329 (9th Cir.1987)). Thus, we dismiss the appeal of the sanctions order for lack of jurisdiction.