19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re the Matter of Douglas A. WALLACE.
 No. 93-17131.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas A. Wallace appeals pro se the denial of his petition for admission to practice before the United States District Court for the District of Nevada. Specifically, he challenges the district court's refusal to waive its local rules limiting bar membership to members of the Nevada state bar. We dismiss the appeal for lack of jurisdiction and decline to issue writ of mandamus.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Wallace is a Nevada resident and a member of the Washington state bar. On May 20, 1993, he petitioned the district court to waive its state bar requirement and grant him admission to the district court bar. He maintained that the "traditional comity rules of the federal district courts" constitute an illegal restraint of trade and are "calculated to protect the financial turf of the bar associations of the several States."[1]
 
 
 4
 On June 22, 1993, the district court denied the petition without comment. Wallace timely appeals.
 
 II.
 DISCUSSION
 
 5
 The denial of a petition for admission to a district court bar is not a final order appealable under 28 U.S.C. Sec. 1291 or an interlocutory order appealable under 28 U.S.C. Sec. 1292. Application of Wasserman, 240 F.2d 213, 214-16 (9th Cir.1957). However, we may treat an appeal as a petition for writ of mandamus. 28 U.S.C. Sec. 1651(a) (1982) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); see In Re Allen, 896 F.2d 416, 419 (9th Cir.1990). To determine whether to issue a writ of mandamus, we consider the following five factors:
 
 
 6
 (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.
 
 
 7
 Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977) (citations omitted). Even so, "[w]hen a district court's decision is correct as a matter of law, a writ of mandamus should be denied." Allen, 896 F.2d at 420. Accordingly, we proceed to the merits. See id.
 
 
 8
 Wallace contends that the local rules violate (1) the Equal Protection Clause, (2) the Full Faith and Credit Clause, (3) the Privileges and Immunities Clause, and (4) the Sherman Act's prohibition against restraints of trade. These contentions lack merit.
 
 A.
 
 9
 Wallace first argues that the local rules violate equal protection[2] because attorneys licensed by another state must submit to "demeaning re-qualification" in order to be admitted to the district court bar.
 
 
 10
 Wallace has no fundamental right to practice law; nor is he a member of a suspect class. Giannini v. Real, 911 F.2d 354, 359 (9th Cir.), cert. denied, 498 U.S. 1012 (1990). Therefore, we will uphold the district court's admission requirements if they are rationally related to his fitness to practice law in the court where he seeks admission.[3] Giannini, 911 F.2d at 359. Here, the district court reasonably relies on the Nevada state bar to screen attorneys for competence and moral character and to enforce standards of professional conduct. See id. at 361 (outlining various justifications for requiring bar applicants to federal district courts to be members in good standing of the state bar in which the district court sits). The court's admission provisions amply satisfy the requirement of rational basis.
 
 B.
 
 11
 Wallace next claims that the retesting of attorneys licensed by other states violates the Full Faith and Credit Clause. Article IV, section 1 of the Constitution requires states to give full faith and credit to the public acts, records, and judicial proceedings of other states. U.S. Const. Art. IV, Sec. 1. Wallace claims that his admission to the Washington state bar is an act and judicial proceeding requiring full faith and credit. However, he cites no act, record, or judicial proceeding stating that he is entitled to practice law in the federal district court in Nevada. See Giannini, 911 F.2d at 360.
 
 C.
 
 12
 Wallace also argues that the local rules violate his constitutional privileges and immunities.[4] We disagree. To establish a claim under the Privileges and Immunities Clause, Wallace must allege discrimination on the basis of out-of-state residency. Giannini, 911 F.2d at 357. However, Nevada residency is not a prerequisite to admission to the district court bar; general admission is premised merely upon membership in the Nevada state bar. Moreover, Wallace concedes he is a resident of Nevada.
 
 D.
 
 13
 Finally, we reject as frivolous Wallace's claim that the local rules are illegal restraints of trade under the Sherman Act. The Sherman Act does not apply to actions by the federal government. Department of Water & Power v. Bonneville Power Admin., 759 F.2d 684, 693 n. 12 (9th Cir.1985).
 
 
 14
 In sum, the order is not appealable, and because the district court's denial of Wallace's petition for waiver of its local rules was clearly correct as a matter of law, we decline to issue a writ of mandamus.
 
 
 15
 APPEAL DISMISSED and WRIT DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the district court's local rule 120-2, attorneys who have been admitted to the bar of Nevada are eligible for admission to the Nevada district court bar. Nevada residency is not required. Attorneys licensed by sister states may petition for admission to practice before the district court pro hac vice under Rule 120-5. No rule provides for the general admission of attorneys licensed by states other than Nevada
 Wallace purports to challenge Rule 120-5. However, because Wallace seeks general admission to the bar, as opposed to admission pro hac vice, his quarrel is not with Rule 120-5. His real dispute is that no local rule provides for the general admission of sister state attorneys.
 
 
 [2]
 The principles of equal protection apply to the federal government via the Due Process Clause of the Fifth Amendment. Richards v. Secretary of State, 752 F.2d 1413, 1415 n. 1 (9th Cir.1985)
 
 
 [3]
 Every court that has considered an equal protection challenge to bar admission requirements has applied the rational basis standard. See, e.g., Schumacher v. Nix, 965 F.2d 1262, 1268 (3rd Cir.1992), cert. denied, 113 S.Ct. 1252 (1993) (and cases cited therein)
 
 
 [4]
 Wallace invokes the Privileges and Immunities Clause of the Fourteenth Amendment, which of course does not apply to acts by a federal district court. We construe his claim to be under Article IV, section 2