Woodrow **BURLEY**, Plaintiff— Appellant,

v.

Robert **NICHELINI**; et al., Defendants—Appellees.

No. 00–16098.

D.C. No. CV–99–03448–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

---

15. *Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM**

Woodrow Burley appeals pro se the district court's summary judgment dismissing his action against Vallejo Chief of Police Robert Nichelini, Oakland Police Officer Michael Nichelini, and the City of Oakland Police Department alleging false arrest,

unlawful search and seizure, and violation of 42 U.S.C. §§ 1983 and 1985. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm.

■ The district court properly granted summary judgment on Burley's false arrest claim as to Chief Nichelini because he had probable cause to arrest Burley for violating California Vehicle Code §§ 4454(a), 12500(a), and 21650. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (per curiam) ("To prevail on his section 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). The district court properly granted summary judgment on the false arrest claim as to Officer Nichelini because Burley failed to show that he participated in the arrest. *See Martinez v. City of Los Angeles*, 141 F.3d 1373, 1380 (9th Cir.1998). Because Officer Nichelini is not liable for false arrest, the district court properly granted summary judgment on the claim as to the City of Oakland Police Department as well. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam).

■ The district court properly granted summary judgment on Burley's Fourth Amendment claim because the search attendant to Burley's lawful arrest was constitutionally permissible. *See United States v. Robinson*, 414 U.S. 218, 235–36, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

The district court properly granted summary judgment on Burley's claims pursuant to 42 U.S.C. §§ 1983 and 1985 because he failed to show that any of the appellees

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

violated his constitutional rights. *See Giannini v. Real,* 911 F.2d 354, 359 (9th Cir.1990).

Burley's contention that Judge Armstrong should have sua sponte recused herself from his action is without merit. *See Pau v. Yosemite Park & Curry Co.,* 928 F.2d 880, 884–85 (9th Cir.1991).

We decline to consider Burley's contention on appeal that the appellees are collaterally estopped from defending against this action because he did not raise this issue in the district court. *See United States v. $22,474.00 in U.S. Currency,* 246 F.3d 1212, 1218 (9th Cir.2001). Burley's contention that he appeared at Chief Nichelini's home for a lawful purpose is not relevant to the issues on appeal.

We deny all pending requests for attorney's fees pursuant to Fed. R.App. P. 39, without prejudice to the filing of such requests in accordance with Ninth Circuit Rule 39–1.6.

AFFIRMED.