**Charles E. GRIFFIN, II, Plaintiff—Appellant,**

v.

**Michael BURVANT; et al., Defendants—Appellees.**

No. 01–17018.

D.C. No. CV–98–02078–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument, and denies Pearson's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

MEMORANDUM **

Charles E. Griffin II, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to medical needs, retaliation, denial of access to the courts, conspiracy, and violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment on Griffin's Eighth Amendment claim because Griffin failed to raise a genuine issue of material fact as to whether prison officials acted with deliberate indifference to his medical needs. *See id.* at 1130.

The district court properly granted summary judgment on Griffin's retaliation claim because Griffin failed to raise a genuine issue of material fact as to whether the defendants' actions served legitimate penological goals. *See Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

The district court properly granted summary judgment on Griffin's access to the courts claim because Griffin failed to raise a genuine issue of material fact as to whether he suffered an actual injury in his efforts to pursue a particular legal claim. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court properly granted summary judgment on Griffin's 42 U.S.C. § 1985 claim because he failed to raise a genuine issue of material fact as to whether the defendants conspired to deprive him of a protected right. *See Giannini v. Real,* 911 F.2d 354, 359 (9th Cir.1990).

The district court properly granted summary judgment on Griffin's ADA claim because the proper defendant in an ADA action is a "public entity" and not individual employees of that entity. *See Vinson v. Thomas,* 288 F.3d 1145, 1155 (9th Cir. 2002); *cf. Miller v. Maxwell Int'l, Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993).

Griffin's remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

