**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1982

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF
MULTIJURISDICTION PRACTICE (NAAMJP); MARINNA L. CALLAWAY;
JOSE JEHUDA GARCIA; DALE E. WORKMAN; W. PEYTON GEORGE,

Plaintiffs - Appellants,

v.

LORETTA E. LYNCH, Attorney General; DEBORAH K. CHASANOW,
Chief Judge; RICHARD D. BENNETT, United States District
Court for the District of Maryland; CATHERINE C. BLAKE,
United States District Court for the District of Maryland;
JAMES K. BREDAR, United States District Court for the
District of Maryland; THEODORE D. CHUANG, United States
District Court for the District of Maryland; MARVIN J.
GARBIS, United States District Court for the District of
Maryland; PAUL W. GRIMM, United States District Court for
the District of Maryland; GEORGE J. HAZEL, United States
District Court for the District of Maryland; ELLEN L.
HOLLANDER, United States District Court for the District of
Maryland; PETER J. MESSITTE, United States District Court
for the District of Maryland; FREDERICK J. MOTZ, United
States District Court for the District of Maryland; WILLIAM
M. NICKERSON, United States District Court for the District
of Maryland; WILLIAM D. QUARLES, JR., United States District
Court for the District of Maryland; GEORGE L. RUSSELL, III,
United States District Court for the District of Maryland;
ROGER W. TITUS, United States District Court for the
District of Maryland,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Robert J. Conrad, Jr., United States
District Judge for the Western District of North Carolina,
sitting by designation. (1:14-cv-02110-RJC)

Argued: May 10, 2016                    Decided: June 17, 2016

---

Before FLOYD and THACKER, Circuit Judges, and John A. GIBNEY, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by published opinion. Judge Gibney wrote the opinion, in which Judge Floyd and Judge Thacker joined.

---

**ARGUED:** Joseph Robert Giannini, Los Angeles, California, for Appellants. Brian Paul Hudak, OFFICE OF THE UNITED STATES ATTORNEY, Washington, D.C., for Appellees. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Alan Burch, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Washington, D.C., for Appellees.

---

GIBNEY, District Judge:

"'Membership in the bar is a privilege burdened with conditions.'" Theard v. United States, 354 U.S. 278, 281 (1957) (quoting In re Rouss, 221 N.Y. 81, 84, 116 N.E. 782, 783 (1917)). The National Association for the Advancement of Multijurisdictional Practice and four attorneys (together, "NAAMJP") challenge the conditions placed on the privilege of admission to the Bar of the United States District Court for the District of Maryland (the "District" or the "District Court") in Local Rule 701 ("Rule 701" or the "Rule").[1] Because Rule 701 violates neither the Constitution nor federal law, we affirm the district court's decision.

## I. BACKGROUND

Rule 701 governs attorney admission to practice in the District Court.[2] The Rule contains requirements based on the state of licensure and, in some instances, the location of the

---

[1] The four attorneys do not qualify for admission to the District Court under Rule 701. The district court held that these attorneys have standing, as does NAAMJP as an organization. We agree.

[2] This case focuses on the requirements for general admission to the District Court Bar, as opposed to admission pro hac vice (i.e., for a particular case). See Rule 101(1)(b). In addition, Rule 701 has separate provisions allowing federal government attorneys to practice in the District. See Rule 701(1)(b).

attorney's law office.[3]  The Rule allows for admission of attorneys licensed in the State of Maryland.  The Rule also allows for admission of non-Maryland attorneys if the applying attorney maintains his or her principal law office in the state in which he or she is licensed to practice law, as long as the relevant federal district court in the state of licensure does not deny admission to Maryland attorneys.  In other words, admission to non-Maryland attorneys extends only to attorneys in states whose district courts observe reciprocity with the District Court.  Regardless of reciprocity, however, the District will not admit a non-Maryland attorney if that attorney maintains a law office in Maryland.

According to the District, the Rule encourages bar membership in Maryland for attorneys intending to practice there, and, with its reciprocity provision, encourages other jurisdictions to adopt liberal licensing standards.  Further, the District contends that the principal law office requirement ensures effective local supervision of the conduct of attorneys. In response to these points, NAAMJP spews a slew of bad words to describe Rule 701, including discriminatory, monopolistic, balkanizing, and unconstitutional.

---

[3] Rule 701 also imposes a handful of standard requirements, such as "[being] of good private and professional character" and having familiarity with relevant local and federal rules.

NAAMJP sued the Attorney General and each of the judges of the District Court, challenging the validity of Rule 701. The defendants moved to dismiss, and NAAMJP moved for summary judgment. The district court[4] granted the motion to dismiss and denied NAAMJP's motion for summary judgment.[5] NAAMJP has appealed.

## II. ANALYSIS

This Court reviews de novo a district court's decision granting a motion to dismiss. Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). NAAMJP challenges the validity of Rule 701 under the First Amendment, the Equal Protection Clause, the Rules Enabling Act, and the Supremacy Clause. We address each in turn.[6]

---

[4] The Honorable Robert J. Conrad, Jr., of the Western District of North Carolina, sat by designation to avoid any potential conflict of interest.

[5] NAAMJP has not challenged the district court's denial of its challenge under the Due Process Clause.

[6] Although NAAMJP cites the Supreme Court's decision in Frazier v. Heebe, it does not ask us to strike down Rule 701 based on appellate courts' supervisory authority over district courts. 482 U.S. 641, 651 (1987) (Rehnquist, C.J., dissenting). (Continued)

5

### A. The First Amendment

The First Amendment prevents the government from "abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Nevertheless, the professional speech doctrine allows the government to "license and regulate those who would provide services to their clients for compensation without running afoul of the First Amendment." Moore-King v. Cnty. of Chesterfield, 708 F.3d 560, 569 (4th Cir. 2013).

Under the professional speech doctrine, courts must determine the point at which "a measure is no longer a regulation of a profession but a regulation of speech." Lowe v. S.E.C., 472 U.S. 181, 230 (1985) (White, J., concurring in the judgment). The government may regulate professionals providing "personalized advice in a private setting to a paying client." Moore-King, 708 F.3d at 569; see Lowe, 472 U.S. at 232. In this context, "the professional's speech is incidental to the conduct of the profession," id., and regulation "raises no First

---

Even if NAAMJP had made this request, and even if we had that power, we would not indulge the request, as Rule 701 clearly passes constitutional muster and is clearly distinguishable from the local rule struck down in Frazier. See id. at 643 (majority opinion).

Amendment problem where it amounts to 'generally applicable licensing provisions' affecting those who practice the profession," <u>Moore-King</u>, 708 F.3d at 569 (quoting <u>Lowe</u>, 472 U.S. at 232). In other words, the First Amendment does not come into play.

The First Amendment does come into play, however, when the government tries to control public discourse through the regulation of a profession. This occurs when a regulation limits the speech of professionals engaging "in public discussion and commentary," <u>id.</u>, and not "exercising judgment on behalf of any particular individual with whose circumstances [they are] directly acquainted," <u>Lowe</u>, 472 U.S. at 232. In this case, regulation "must survive the level of scrutiny demanded by the First Amendment." <u>Id.</u> at 230.

In this case, Rule 701 is simply a regulation of a profession. The Rule does not compel attorneys to speak or regulate speech based on its content. Neither does the Rule restrict attorneys from speaking. To the extent it regulates speech at all, Rule 701 sets conditions for professionals providing "personalized advice in a private setting to a paying client." <u>Moore-King</u>, 708 F.3d at 569. Applying the appropriate test, Rule 701 qualifies as a generally applicable licensing provision. It prescribes which attorneys may practice in the District Court based on their state of licensure in relation to

7

the location of their principal law office.  Any separate provisions for specific situations—such as federal government attorneys—do not change the fact that Rule 701 is a generally applicable licensing provision.  Accordingly, Rule 701 does not violate the First Amendment.[7]

## B. The Equal Protection Clause

The Equal Protection Clause prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend XIV, § 1; see Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 224 (1995) (noting that equal protection analysis is the same under the Fifth Amendment as it is under the Fourteenth Amendment).  In evaluating an equal protection challenge to a rule, courts must first determine the standard of review to apply.  If the rule neither infringes a fundamental right nor disadvantages a suspect class, courts apply rational basis review.  FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993).  Under rational basis review, the challenged rule "comes . . . bearing a strong presumption of validity, and those attacking the rationality of

---

[7] NAAMJP does not challenge the district court's holdings that Rule 701 is neither substantially overbroad nor a prior restraint on speech, so we will not disturb them.  We reject all other arguments raised by NAAMJP—including speaker discrimination and violation of the right to free association and petition—as meritless and utterly inapplicable to Rule 701.

the [rule] have the burden to negative every conceivable basis which might support it." Id. at 314–15 (internal citations omitted). In other words, "[w]here there are 'plausible reasons' for [the rule], 'our inquiry is at an end.'" Id. at 313–14 (quoting U.S. R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1980)).

Rule 701 does not infringe a fundamental right or disadvantage a suspect class. Applying rational basis review, Rule 701 clearly passes constitutional muster. The rationales given by the District to justify the Rule are certainly plausible, and NAAMJP does not bear its burden in negating them. Both this and other circuits have upheld these rationales as reasonable. See Goldfarb v. Supreme Court of Va., 766 F.2d 859, 865 (4th Cir. 1985); Hawkins v. Moss, 503 F.2d 1171, 1177–78 (4th Cir. 1974); see also Nat'l Ass'n for the Advancement of Multijurisdictional Practice v. Castille, 799 F.3d 216, 219–20 (3d Cir. 2015); Nat'l Ass'n for the Advancement of Multijurisdictional Practice v. Berch, 773 F.3d 1037, 1045 (9th Cir. 2014). Accordingly, Rule 701 does not violate the Equal Protection Clause.

Astonishingly, NAAMJP does not cite a single equal protection case in its argument that Rule 701 violates the Equal Protection Clause. See Appellant's Br. 33–39. In fact, each of the cases cited by NAAMJP refers to equal protection—if at all—

9

only to note that the Court did not reach the equal protection argument. See Supreme Court of Va. v. Friedman, 487 U.S. 59, 63 n.* (1988); Frazier v. Heebe, 482 U.S. 641, 645 (1987); Supreme Court of N.H. v. Piper, 470 U.S. 274, 277 n.3 (1985). These cases provide little to no guidance here, as the bar admission rules they considered involved residency requirements—which Rule 701 does not—and applied a heightened level of scrutiny—which we need not.

### C. The Rules Enabling Act

The Rules Enabling Act authorizes the judiciary to make rules. Specifically, 28 U.S.C. § 2071 permits federal courts to "prescribe rules for the conduct of their business," with the stipulation that "[s]uch rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title." The "rules of practice and procedure prescribed under section 2072 of this title" are rules adopted by the Supreme Court of the United States, including, for example, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

In enacting Rule 701, the District Court prescribed a rule "for the conduct of [its] business," denoting which attorneys may practice before it. The Rule does not violate any Acts of Congress or any federal "rules of practice and procedure"

10

adopted by the Supreme Court pursuant to § 2072. Thus, Rule 701 does not violate the Rules Enabling Act.

NAAMJP argues that § 2071 "expressly incorporates the standard set forth in [§] 2072," Appellant's Br. 41, which mandates that "[s]uch rules shall not abridge, enlarge or modify any substantive right," 28 U.S.C. § 2072(b). The plain language of the statute, however, belies NAAMJP's argument. The phrase "[s]uch rules" in § 2072(b) clearly refers to the "general rules of practice and procedure and rules of evidence" that § 2072(a) permits the Supreme Court to prescribe. Moreover, § 2071's reference to § 2072 clearly refers to the "rules of practice and procedure" that come out of the § 2072 rule-making standard, not to § 2072's rule-making standard itself. In other words, the Rules Enabling Act tells district courts that they cannot use local rules to contradict the Supreme Court's rules of procedure. Consequently, this NAAMJP argument fails.[8]

### D. The Supremacy Clause

Finally, the Supremacy Clause commands:

> This Constitution, and the Laws of the
> United States which shall be made in

---

[8] NAAMJP argues that Rule 701 violates Rule 83(a) of the Federal Rules of Civil Procedure because Rule 83(a) "incorporates the 28 U.S.C. § 2072 standard," Appellant's Br. 42, restricting rules that "abridge, enlarge or modify any substantive right," 28 U.S.C. § 2072. This argument fails for the same reason that the argument under § 2072 fails.

11

Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. In other words, if federal law and state law conflict, federal law wins. See, e.g., Sperry v. Florida, 373 U.S. 379, 384–85 (1963) (resolving a conflict between Florida law and federal law in favor of federal law).

NAAMJP makes the bold—if not borderline frivolous—move to challenge Rule 701, a federal rule adopted pursuant to a federal statute. Accordingly, the Supremacy Clause has no bearing. NAAMJP focuses on the fact that Rule 701 incorporates Maryland state licensing requirements, but ignores the fact that nothing prohibits federal law from incorporating state standards. See Augustine v. Dep't of Veterans Affairs, 429 F.3d 1334, 1340 (Fed. Cir. 2005) (citing NLRB v. Natural Gas Util. Dist. Of Hawkins Cnty., 402 U.S. 600, 603 (1971)). Rule 701 clearly incorporates state licensing requirements for attorneys in Maryland and beyond. Rule 701's use of these state standards, however, does not transform Rule 701 into a state law. Rule 701 remains a federal rule prescribed pursuant to a federal statute. Thus, Rule 701 in no way violates the Supremacy Clause.

### III. <u>CONCLUSION</u>

To summarize, Rule 701 does not violate the First Amendment, the Equal Protection Clause, the Rules Enabling Act,

12

or the Supremacy Clause.  Consequently, we affirm the decision of the district court in granting the motion to dismiss.

AFFIRMED
