

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Natl Assn v. Gonzales

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Natl Assn v. Gonzales" (2006). *2006 Decisions*. Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2420
_____

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF MULTIJURISDICTION PRACTICE;
JOHN F. O'ROURKE; ALAN ELLIS; DONALD HARRIS,

Appellants

v.

ALBERTO R. GONZALES, HON. JOHN W. BISSELL,
Chief Judge for the United States District Court for the District of New Jersey;
DENNIS M. CAVANAUGH; JOSEPH A. GREENAWAY, JR.;
KATHERINE S. HAYDEN; FAITH S. HOCHBERG;
JOSE L. LINARES; WILLIAM J. MARTINI;
JOEL A. PISANO; ALFRED M. WOLIN;
HON. CONSUELO B. MARSHALL, Chief Judge for the United States
District Court for the Central District of California;
PERCY ANDERSON; *HON. MARY M. SCHROEDER, Chief Judge
for the Ninth Judicial Circuit; *ARTHUR L. ALARACON; *ALEX KOZINSKI;
*KIM McLANE WARDLAW; *MARSHA S. BERZON;
*ANDREW J. KLEINFELD; *LYNN WINMILL; *STEPHEN M. McNAMEE;
TERRY J. HATTER, JR.; *CHARLES R. BRYER; *ROGER G. STRAND;
RONALD S.W. LEW; NORA M. MANELLA; HOWARD A. MATZ;
JAMES S. OTERO; DEAN D. PREGERSON; GEORGE P. SCHIAVELLI;
CHRISTINA A. SNYDER; JOHN F. WALTER;
ANTHONY J. SCIRICA, Chief Judge of the Third Circuit Judicial Council;
DOLORES K. SLOVITER; JANE R. ROTH; THEODORE A. McKEE;
MARJORIE O. RENDELL; JAMES T. GILES; THOMAS VANASKIE;
SUE L. ROBINSON; DONETTA W. AMBROSE; GARRETT E. BROWN, JR.;
DOUGLAS B. GINSBURG, Chief Judge of the District of Columbia Judicial Council;
DAVID B. SENTELLE; KAREN LECRAFT HENDERSON;
A. RAYMOND RANDOLPH; JUDITH W. ROGERS; DAVID S. TATEL;
MERRICK B. GARLAND; THOMAS F. HOGAN; EMMET G. SULLIVAN;
JAMES ROBERTSON; RICHARD W. ROBERTS;
ELLEN SEGAL HUVELLE; REGGIE B. WALTON

*(Amended per the Clerk's Order dated 5/12/06)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-05081)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2006

Before: FISHER, CHAGARES and GREENBERG, *Circuit Judges*.

(Filed: December 21, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

The appellants, the National Association for the Advancement of Multijurisdiction

Practice ("NAAMJP") and several of its members, appeal a decision by the District Court

dismissing their complaint for lack of personal jurisdiction and failure to state a claim.

Fed. R. Civ. P. 12(b)(2), (6). For the reasons set forth below, we will affirm the District

Court's dismissal.

I.

The NAAMJP, a non-profit organization incorporated in California, and three of

its members, John O'Rourke, Alan Ellis, and Donald Harris, brought suit in the Eastern

District of Pennsylvania alleging that the local rules of approximately fifty-five federal

district courts violate numerous provisions of the United States Constitution, the Rules

2

Enabling Act, and the Federal Rules of Evidence, among others. The appellants allege that the local rules, which require that attorneys appearing in federal district courts either be licensed by the state in which the district court sits or meet some other criteria of eligibility, are inconsistent with each other and discriminate against out-of-state attorneys. For example, they challenge the rule in the Eastern District of Pennsylvania requiring that an out-of-state attorney be admitted to the Pennsylvania bar and permitting admission on motion to those lawyers who are licensed in states with reciprocal privileges. This kind of rule, the appellants argue, violates twelve constitutional principles, including the "constitutional norm of comity," four federal statutes, several federal rules of civil procedure, and two federal rules of evidence.

As far as we can tell, this is at least the fifth case that the NAAMJP or one of its members has filed challenging court rules that limit the ability of attorneys who have not passed the state bar examination to appear in court.[1] Four suits have been filed in California challenging the California Bar Association, the California Supreme Court, and the United States District Courts for the Central, Southern and Northern Districts of California. All four cases were dismissed with prejudice and the District Court for the Northern District of California imposed Rule 11 sanctions. The Ninth Circuit affirmed.

After losing all four cases in California, the appellants filed suit in the Eastern District of Pennsylvania naming as defendants President George W. Bush, Attorney

---

[1] Several of the initial suits were brought by Joseph Giannini, the appellants' counsel, as the named plaintiff.

3

General Alberto R. Gonzales, the Third Circuit Judicial Counsel, the Ninth Circuit Judicial Counsel, the District of Columbia Judicial Counsel, the Department of Justice, various judges of the District Court of New Jersey and individually each judge that is a member of the named judicial councils. The appellants do not allege that they applied for admission in accordance with the local rules and were barred from practicing before a particular district court. Rather, they allege that all federal district courts should have general admission privileges for non-forum state attorneys. In fact, Alan Ellis and John O'Rourke are both admitted in the Commonwealth of Pennsylvania, and Donald Harris is admitted in the state of Ohio, a state that has a reciprocal agreement with Pennsylvania. Therefore, any of the three attorneys is statutorily eligible to practice in front of the Eastern District of Pennsylvania.[2]

After a motion by the United States, the District Court dismissed the complaint for lack of personal jurisdiction, failure to comply with the "short and plain statement" requirement, Fed. R. Civ. P. 8, and failure to comply with the District Court's order directing the plaintiffs to address whether the District Court had jurisdiction. The District Court also found that each of the appellants' thirteen causes of action were substantively meritless, stating that it could dismiss the complaint on those grounds as well. After granting the motion to dismiss, it enjoined the NAAMJP from filing any further papers

---

[2]In fact, a cursory search on Westlaw reveals that both Mr. Ellis and Mr. O'Rourke have appeared on numerous occasions in front of the District Court for the Eastern District of Pennsylvania.

4

regarding the constitutionality of local rules without leave of the District Court. The appellants timely filed this appeal, challenging only the District Court's determination regarding the substance of the complaint. They fail to address personal jurisdiction, failure to offer a "short and plain statement" as required by Rule 8, and dismissal as a result of their failure to comply with the District Court's order.

## II.

Before we can address the substance of the appellants' claims, we must satisfy ourselves that we have jurisdiction. A review of the record and the parties' briefs informs us that we do not.

As an initial matter, the appellants failed to show the District Court and, on appeal, have failed to show us, how the District Court exercised personal jurisdiction over the out-of-state defendants. A party that fails to raise an issue in its initial brief before this Court is deemed to have waived that issue. *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 402 (3d Cir. 2006) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)) ("'It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.'"). In the face of a waiver, we may only reverse a district court when it commits plain error. *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 517 (3d Cir. 1997). Because we see, and the appellants have offered, no evidence suggesting the out-of-state defendants have established sufficient contacts with the forum state, it was not plain error for the District Court to dismiss for lack of personal jurisdiction.

5

Even if the appellants could establish that the District Court had personal jurisdiction over the out-of-state defendants, we lack jurisdiction over the entire case as they have not presented a legally redressable injury. It is a fundamental principle of American jurisprudence that before a party may bring a case before a court, he must have standing to do so. The Supreme Court has established that "the irreducible constitutional minimum of standing contains three elements[,]" injury in fact, causation and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of proving standing, *id.* at 561, and we exercise plenary review over such questions. *Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 220 n.15 (3d Cir. 2004).[3]

To establish an injury in fact, a party must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). "In other words, 'the plaintiff must show that he [or she] personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant [and][t]he injury must be concrete and capable of being redressed by the court should the plaintiff prevail on the merits.'" *Taliaferro v. Darby Twp. Zoning Bd.*,

---

[3]Neither party addresses standing in its brief, but, as they are jurisdictional in nature, we are required to raise issues of standing *sua sponte* if they exist. *Addiction Specialists, Inc. v. Twp of Hampton*, 411 F.3d 399, 405 (3d Cir. 2005).

458 F.3d 181, 188-89 (3d Cir. 2006) (quoting *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537-38 (3d Cir. 1994)). The appellants in this case have made no such showing.

In their complaint, the appellants stated that they have been "irreparably injured." However, while expounding in great detail on the foundations of our legal system, including a discussion between George Washington and Thomas Jefferson in a comic strip, they fail to expound in any manner upon the injuries they claim to have suffered. The complaint states that an "out-of-state attorney [seeking to appear before a court in New Jersey] is compelled to accept the markedly inferior *pro hac vice* admission . . ."[4] and that "these lawyers are vicariously disqualified from general admission on motion in the Eastern District of Pennsylvania, based on the State of Pennsylvania's 'horse-trading' incorporated by the local rules . . . ." This is the entirety of the claimed injuries suffered by the appellants.

While the appellants have challenged the local court rules in approximately fifty-five district courts, they have made no showing that they were denied the ability to practice in any of those states or that they would seek to practice there but-for the local court rules. Further, two of the appellants, O'Rourke and Ellis, are admitted to practice in Pennsylvania and Harris is admitted to practice in Ohio, a state that has reciprocity with Pennsylvania. Therefore all three are eligible to practice in front of the Eastern District of Pennsylvania, one of the primary courts they challenge.

---

[4]The appellants state no basis on which we can conclude that an attorney appearing *pro hac vice* is considered inferior to attorneys otherwise appearing in front of a court.

The unnamed attorneys referred to in the complaint that allegedly suffered injuries because of the local rules cannot provide the appellants with standing either. *Taliaferro*, 458 F.3d at 189. A litigant may bring a case on behalf of a third party in only very limited circumstances where: "(1) the litigant has suffered an injury in fact, giving him a sufficiently concrete interest in the outcome of the issue; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his own interest." *Id.* at 189 n.4. The appellants in this case have failed to meet all three requirements, as they have not shown an injury, have provided no relationship to these unnamed attorneys, and have failed to suggest how practicing attorneys are unable to protect their own interests.

Because the appellants have not applied to practice in the federal district courts and been denied or made any showing that they would choose to do so in the future, they have failed to show how they are injured by the local court rules. *See Gilles v. Davis*, 427 F.3d 197, 208 (3d Cir. 2005) (stating plaintiffs lacked standing to challenge city permit ordinance where they had not applied for and been denied a permit).[5]

The styling of the complaint as a class action does not salvage the appellants' case either. While the mooting of a plaintiff's claim after he has moved for class certification

---

[5]The appellants cannot claim standing under the First Amendment exception which allows a plaintiff to challenge a statute which could, by its very existence, chill expression even where he has not suffered a concrete injury. *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). We find that the challenged local rules clearly do not violate the First Amendment and, therefore, the appellants lack standing.

does not preclude him from representing the class, a plaintiff with no initial injury may not choose to represent a class of which he is not part. "[A] plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000). The constitutional standing requirement requires more than a cognizable injury to someone. The plaintiff himself must be among the injured. *Mariana v. Fisher*, 338 F.3d 189, 206 (3d Cir. 2003).

III.

A review of the record reveals that the appellants' fifth attempt to challenge local rules must fail for lack of jurisdiction. For the reasons set forth above, we will affirm the judgment of the District Court dismissing the appellants' claims and prohibiting them from filing further papers on this matter without leave of the District Court.