NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3356

———————

NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF MULTIJURISDICTION PRACTICE, (NAAMJP);
ROBERT VEREB; BENJAMIN JOSEF DOSCHER,
Appellants

v.

JEROME B. SIMANDLE, Chief Judge,
United States District Court for the District of New Jersey;
MARY L. COOPER; JOEL A. PISANO; PETER G. SHERIDAN;
MICHAEL SHIPP; ANNE E. THOMPSON; FREDA L. WOLFSON;
RENEE MARIE BUMB; NOEL L. HILLMAN; JOSEPH E. IRENAS;
ROBERT B. KUGLER; JOSEPH H. RODRIGUEZ; KAREN M. WILLIAMS;
DENNIS M. CAVANAUGH; CLAIRE C. CECCHI; STANLEY R. CHESLER;
DICKINSON R. DEBEVOISE; MICHAEL A. HAMMER; KATHARINE S. HAYDEN;
FAITH S. HOCHBERG; JOSE L. LINARES; WILLIAM J. MARTINI;
KEVIN MCNULTY; ESTHER SALAS; WILLIAM H. WALLS; SUSAN D.
WIGENTON;
ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-14-cv-3678)
District Judge:  Hon. Gerald A. McHugh

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2016

Before:   SMITH, JORDAN, and RENDELL, *Circuit Judges*.

(Opinion Filed:  July 14, 2016)

———————————

OPINION*

———————————

JORDAN, *Circuit Judge*.

By its own description, the National Association for the Advancement of

Multijurisdiction Practice ("NAAMJP") advocates "throughout the United States for the

purpose of improving the legal profession, by petitioning for admission on motion in the

dwindling minority of jurisdictions that have not yet adopted … reciprocal admission for

all lawyers." (JA164.) In other words, the NAAMJP endeavors to reduce the barriers to

entry to legal practice in the various state and federal courts across the country. Its view,

which should tug at the heartstrings of any attorney, is that "one bar exam is more than

enough." (Opening Br. at 19.) With that end in mind, the NAAMJP has crisscrossed the

United States, challenging local bar admission rules. *See, e.g.*, *NAAMJP v. Lynch*, No.

15-1982, 2016 WL 3361558 (4th Cir. June 17, 2016); *NAAMJP v. Berch*, 773 F.3d 1037

(9th Cir. 2014), *cert. denied*, 135 S. Ct. 2374 (2015); *see also Blye v. California Supreme

Court*, CV 11-5046, 2014 WL 229830, at *2 n.3 (N.D. Cal. Jan. 21, 2014) (collecting

similar challenges involving plaintiffs' counsel dating back to 1987).[1] It does not appear

———————————————

     * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

     [1] Eventually, plaintiffs' counsel filed so many "legally frivolous" claims regarding California attorney admission rules in the United States District Court for the Northern District of California that he was enjoined "from filing any further actions, either as an attorney or a party, in the United States District Court for the Northern District of California, regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of the Chief Judge of th[at] court." *Paciulan v.*

2

that the NAAMJP or its counsel has ever succeeded in any of its efforts. Its challenges have twice reached this Court and twice been rejected. *See NAAMJP v. Castille*, 799 F.3d 216 (3d Cir.), *cert. denied*, 136 S. Ct. 558 (2015); *NAAMJP v. Gonzales*, 211 F. App'x 91 (3d Cir. 2006).[2] This time is the same.

In the present case, the NAAMJP and two of its members challenge the conditions placed on admission to the bar of the United States District Court for the District of New Jersey (the "District Court"). They allege that the District Court's local rules, which generally incorporate New Jersey state admission rules by limiting federal admission to those licensed to practice by the Supreme Court of New Jersey, violate federal statutory and constitutional standards. The defendants – judges of the District Court and former Attorney General Eric Holder – moved to dismiss the NAAMJP's complaint.[3] In a thorough and thoughtful opinion, the District Court granted the motion to dismiss. We agree with the reasoning of the District Court in all respects, and will affirm.

---

*George*, 38 F. Supp. 2d 1128, 1146-47 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000) (per curiam).

[2] In *Gonzales*, the District Court not only dismissed the complaint, but also enjoined the NAAMJP and its counsel "from filing any further papers with respect to the constitutionality of any jurisdiction's local rules of admission, practice, or procedure in the Eastern District of Pennsylvania without prior leave of Court." *NAAMJP v. Bush*, No. 05-cv-05081, slip op. at 9 (E.D. Pa. Mar. 23, 2006), *aff'd sub nom. NAAMJP v. Gonzales*, 211 F. App'x 91 (3d Cir. 2006).

[3] The Honorable Gerald A. McHugh of the United States District Court for the Eastern District of Pennsylvania sat by designation to avoid any potential conflict of interest.

3

## I.    BACKGROUND

The District Court's Local Civil Rule 101.1 governs admission to the bar of that Court. The rule provides that "[a]ny attorney licensed to practice by the Supreme Court of New Jersey may be admitted" to the bar of the District Court. L.Civ.R. 101.1(b). It further provides that a New Jersey attorney who is deemed ineligible to practice in state court under certain circumstances will also not be permitted to practice before the District Court during the period of that ineligibility, and that an attorney who resigns from the New Jersey State bar will be considered to have resigned from the bar of the District Court. *Id*. In lieu of general admission to the bar of the District Court, attorneys not licensed in New Jersey who are members in good standing of another state or federal bar may apply for *pro hac vice* admission for each case in which they participate in the District Court and pay a $150 fee upon each admission. L.Civ.R. 101.1(c).

The local rules also permit narrow categories of exceptions from the requirement of membership in the New Jersey State bar. For example, the rules allow those admitted to practice before the United States Patent and Trademark Office to be admitted to the District Court bar so long as they have been members of the bar of any state or federal court for five years and have been engaged in the practice of patent law in New Jersey, with an office located in the state, for at least two years. L.Civ.R. 101.1(e). In addition, attorneys representing the United States need not be admitted to practice in New Jersey in order to appear in the District Court. *See* L.Civ.R. 101.1(f).[4]

---

[4] Unsurprisingly, the Local Civil Rules "do[] not govern the appearance of attorneys representing defendants in criminal cases." L.Civ.R. 101.1(j).

4

On June 9, 2014, the NAAMJP and two of its members, Robert Vereb and Benjamin Josef Doscher,[5] sued the district and magistrate judges of the District Court, as well as former Attorney General Eric Holder, claiming that the local rules wrongly prevent certain of NAAMJP's members from joining the bar of the Court. Both Vereb and Doscher are admitted to practice in the state and federal courts of New York and "will apply for admission to the U.S. District Court for the District of New Jersey bar if its admission rule is changed." (JA165-166.) The complaint includes four causes of action, based on alleged violations of the following: (1) the Rules Enabling Act, 28 U.S.C. §§ 2071-2072; (2) the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2; (3) the First Amendment; and (4) principles of equal protection.[6] As relief, the plaintiffs seek an order declaring the local rules unconstitutional and enjoining their enforcement, and an order "declaring that District Court Local Rules shall provide the opportunity for general bar admission privileges to all sister-state attorneys admitted to the highest court of any state." (JA199.)

The defendants moved to dismiss on two grounds. First, pursuant to Federal Rule of Civil Procedure 12(b)(1), they challenged the standing of the individual plaintiffs and

---

[5] The complaint also once refers to a plaintiff named "James A. Jackson" and lists his address. (JA160.) He is not included in the complaint's caption, however, nor is he mentioned elsewhere in the rest of the complaint.

[6] Because they challenge a federal rule, the plaintiffs brought their equal protection claim under the Fifth Amendment's Due Process Clause. "Although the fifth amendment contains no equal protection clause, the Due Process Clause forbids discrimination in a similar manner as the fourteenth amendment, and analysis of equal protection claims is often the same under both." *In re Roberts*, 682 F.2d 105, 108 (3d Cir. 1982) (per curiam).

5

the NAAMJP. They argued that the plaintiffs had failed to allege that they suffered any injury by operation of the District Court's bar admission rules because "[t]hey have not alleged … that they have taken steps to gain admission to the District of New Jersey," nor have they alleged "that they have clients that they wish to represent in the District of New Jersey" or "even that they would attempt to develop a practice in the District of New Jersey if admitted." (Answering Br. at 10.) Second, the defendants argued that, even if the plaintiffs could establish standing to challenge the local rules, the four causes of action are without merit and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The District Court granted the motion to dismiss under Rule 12(b)(6), concluding that the plaintiffs had standing to initiate their lawsuit against the judicial defendants – though not against former Attorney General Holder – but that each of their four substantive claims failed on the merits. The plaintiffs then filed this timely appeal.

## II.    DISCUSSION[7]

### A.    Standard of Review

We exercise plenary review over the District Court's standing determination and its dismissal of the complaint on the merits. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (review of jurisdictional determination under Rule 12(b)(1) is plenary); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010) (review of Rule 12(b)(6) dismissal

---

[7] The District Court had jurisdiction under 28 U.S.C. § 1331, though we address the plaintiffs' standing later in this opinion. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

is plenary). "A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."[8] *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). In evaluating whether a complaint adequately alleges the elements of standing, courts must apply the same analysis applicable to an assessment of the merits of a claim under Rule 12(b)(6): "Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Id*. In evaluating a motion to dismiss under Rule 12(b)(6), we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted).

## B. Standing Analysis

On appeal, the defendants continue to challenge the plaintiffs' standing to pursue their claims against the District Court's admission rules. They argue that the allegations of the complaint are insufficient to establish the standing of the individual plaintiffs or the standing of the NAAMJP to sue on behalf of its members.

As we recently reiterated, "[s]tanding is a jurisdictional matter." *Davis v. Wells Fargo*, No. 15-2658, 2016 WL 3033938, at *8 (3d Cir. May 27, 2016).

---

[8] A challenge to subject matter jurisdiction may be regarded as either a "facial" or a "factual" attack. As the modifiers suggest, a facial attack challenges subject matter jurisdiction on the face of the complaint, without disputing the facts alleged therein. *Davis v. Wells Fargo*, No. 15-2658, 2016 WL 3033938, at *8 (3d Cir. May 27, 2016). A factual attack disputes the accuracy of the facts in the complaint and includes a submission of competing facts that might call subject matter jurisdiction into question. *Id*. This case presents a facial attack, as the defendants have not challenged any of the factual allegations of the complaint.

The Supreme Court has recognized that "the irreducible constitutional minimum of standing contains three elements," which the party invoking federal jurisdiction must establish. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must show that he suffered an "injury in fact," meaning a concrete and particularized invasion of a legally protected interest. *Id*. Second, the plaintiff must demonstrate a "causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id*. (internal quotation and editorial marks omitted). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561 (internal quotation marks omitted).

*Id*.

The defendants' argument hinges on the first element; they contend that the plaintiffs cannot establish standing because there is no adequate allegation that the District Court's local rule caused the plaintiffs any injury. The individual plaintiffs have alleged that they "will apply for admission to the U.S. District Court for the District of New Jersey bar if its admission rule is changed." (JA165-166.) But the defendants say that more is required to establish cognizable injury. In their view, the plaintiffs must have alleged that they actually did apply to join the bar of the District Court and were denied, or that they have clients that they would represent in the District Court, were they admitted to its bar.[9] In making that argument, the defendants chiefly rely upon our non-precedential opinion in *NAAMJP v. Gonzales*, in which we dismissed an NAAMJP

---

[9] The defendants also argue that "[n]either Vereb nor Doscher state whether they are admitted to practice in New Jersey – a fact that, if true, would qualify them for admission under Local Rule 101.1(b)." (Answering Br. at 15.) The District Court properly rejected that argument out of hand. When deciding a motion to dismiss, we must draw all reasonable inferences in the plaintiff's favor. *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). It is reasonable for us to infer that Vereb and Doscher would not have participated in this challenge to the local rules if those rules did not actually inhibit their admission to the bar of the District Court.

challenge to similar local rules for lack of injury because the plaintiffs "ha[d] made no showing that they were denied the ability to practice in any of those states or that they would seek to practice there but-for the local court rules." 211 F. App'x 91, 95 (3d Cir. 2006).

*Gonzales* is indeed non-precedential, and, by our own Internal Operating Procedures, we cannot rely on it as authority. 3d Cir. I.O.P. 5.7 (2015). Without regard to *Gonzales*, though, both Vereb and Doscher have alleged that they would seek admission to the District Court bar if the local rules were changed. They need not actually have sought admission, as their applications would certainly have been denied. *See Sammon v. N.J. Bd. of Med. Exam'rs*, 66 F.3d 639, 643 (3d Cir. 1995) ("futile gestures" are not required to establish standing). Vereb and Doscher are already engaged in the legal profession, admitted to the bar of a neighboring state, and would apply to the District Court bar if the rules were changed to permit their admission. Since denial of their application was assured, the rules inflict the alleged injury regardless of whether Vereb and Doscher actually undertook the futile application process. In its thorough opinion, the District Court laid out the elements of standing, as to both the two individual plaintiffs and the associational standing of NAAMJP as a group, and concluded that they are met under the circumstances of this case. We agree with that well-supported conclusion, and therefore proceed to the merits of the plaintiffs' claims.[10]

---

[10] In their brief, the plaintiffs do not appear to challenge the District Court's conclusion that they lacked standing to bring their claims against former Attorney General Holder. Regardless, we agree with the District Court. The plaintiffs stated in their complaint that they named Holder as a defendant "because federal law as set forth

9

### C.     Merits Analysis

The plaintiffs have raised four claims against the District Court's local rules for admission to its bar, relying on the Rules Enabling Act, the Supremacy Clause, the First Amendment, and principles of equal protection.  We address each below.

#### 1.     The Rules Enabling Act

The Rules Enabling Act, 28 U.S.C. § 2071, permits federal courts to "prescribe rules for the conduct of their business," though "[s]uch rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title."  The "rules of practice and procedure prescribed under section 2072 of this title" are rules adopted by the Supreme Court of the United States.  In other words, district court local rules cannot contradict any federal law or rules promulgated under the authority of the Supreme Court.

Local Civil Rule 101.1 does not conflict with any Acts of Congress or any rules adopted by the Supreme Court.[11]  As a result, those local rules do not violate the Rules

---

by the Supreme Court in interpreting the Constitution, and by Congress in enacting the Rules Enabling Act mandating federal Local Rule uniformity is not being uniformly followed or enforced." (JA167 (emphasis omitted).)  Even if that highly questionable premise for naming the Attorney General were sound, the Attorney General plays no role in the adoption of the local rules of any federal district court, so the plaintiffs' alleged injury is not fairly traceable to any conduct undertaken by Holder.

[11] The plaintiffs cite a number of allegedly-conflicting laws in passing, which we likewise address here only briefly.  First, they say that Local Civil Rule 101.1 violates 28 U.S.C. § 1738 by denying full faith and credit to the judgments of the states in which they are admitted to the bar.  Of course, New York's judgment that an individual should be admitted to its own bar establishes only that fact (*i.e.*, admission to the state bar of New York), and does not even purport to require nationwide bar membership. *See Giannini v. Real*, 911 F.2d 354, 360 (9th Cir. 1990) (rejecting full faith and credit argument).

10

Enabling Act. The matter is no more complicated than that. The District Court's opinion ably addresses and rejects the plaintiffs' argument, and the United States Court of Appeals for the Fourth Circuit recently rejected the same argument advanced by the very same plaintiff and counsel. *See Lynch*, 2016 WL 3361558, at *3. We agree with their reasoning and conclusions.

## 2. The Supremacy Clause

The Supremacy Clause provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. The Clause ensures that, if federal and state law conflict, federal law controls.

Fortunately, there is no conflict between state and federal law in this case. The plaintiffs suggest – in a "borderline frivolous" argument, *Lynch*, 2016 WL 3361558, at *4 – that the District Court's local rule somehow allows New Jersey state law to control federal courts because it incorporates the state's attorney admission rules. But that is far

Second, they claim that Local Civil Rule 101.1 violates "[t]he national rules for bar admission," citing Supreme Court Rule 5, Federal Rule of Appellate Procedure 46, and 5 U.S.C. § 500(b). (Opening Br. at 28.) But Supreme Court Rule 5 governs only admission to the bar of that Court; Federal Rule of Appellate Procedure 46 governs admission to the bars of the United States Courts of Appeals; and § 500(b) governs representation before federal administrative agencies. Local Civil Rule 101.1 conflicts with none of them. *See In re Roberts*, 682 F.2d 105, 108-09 (3d Cir. 1982) (per curiam). Finally, the plaintiffs vaguely suggest that Local Civil Rule 101.1 violates "[c]ongressionally enacted laws for patent and patent attorneys" and undermines the purposes of the Federal Rules of Civil Procedure. (Opening Br. at 28-29.) Neither contention has merit, and they warrant no further discussion.

from so.  Local Civil Rule 101.1 adopts the state standard for attorney admission; it does not allow New Jersey to somehow impose its will on the federal court sitting in that state. *See United States v. Klubock*, 832 F.2d 649, 651 (1st Cir. 1987) (recognizing that when a federal rule incorporates state law, the rule in question "can no longer be considered to be a state law, because by its incorporation into the [federal] local rules, [it] has become *federal* law" (original emphasis)), *vacated on other grounds*, 832 F.2d 664 (1st Cir. 1987) (en banc), *aff'g by equally divided court*, 639 F. Supp. 117 (D. Mass. 1986); *see also United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 132 F.3d 1252, 1257 n.4 (8th Cir. 1998) (noting that "Supremacy Clause considerations do not come into play" in challenges to local rules of a United States District Court (internal quotation marks omitted)).  As the District Court here rightly pointed out, it "is free to change [its] rules at any time, subject to the procedural and substantive limitations of the Rules Enabling Act." (JA014.)  The Court properly rejected the plaintiffs' Supremacy Clause argument.

### 3.    First Amendment

The First Amendment prevents the government from "abridging the freedom of speech ... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.  The plaintiffs raise several theories as to how the District Court's local rules violate the First Amendment. They claim that the rules are overbroad, discriminate based upon the content and viewpoint of their speech, constitute an illegal prior restraint on speech, violate their freedom of association, and infringe upon their right to petition the government for a redress of grievances.  The District Court ably addressed each of those arguments and

12

rejected them. We agree with its analysis and conclusions and need not belabor the subject here.

We do note, however, that we recently rejected a similar First Amendment challenge to Pennsylvania's bar admission rules (also brought by the NAAMJP) in *Castille*. There, we held that Pennsylvania's state admission rule – which admits to the Commonwealth's bar experienced attorneys admitted in reciprocal jurisdictions – was not a limitation on speech at all, but was instead "an exercise of Pennsylvania's 'broad power to establish standards for licensing practitioners and regulating the practice of professions.'" *Castille*, 799 F.3d at 221 (quoting *King v. Governor of the State of N.J.*, 767 F.3d 216, 229 (3d Cir. 2014)); *see also Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459 (1978) ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the State's proper sphere of economic and professional regulation."). The Pennsylvania rule "does not reward, punish, or even acknowledge the content or viewpoint of any attorney's speech." *Castille*, 799 F.3d at 223. We also noted that the challengers were free to practice law in Pennsylvania if they passed the bar exam or applied for *pro hac vice* admission, thus limiting any impact on their expressive activities or freedom of association. *Id*. at 224.

In this case, the NAAMJP raises basically the same contentions that it unsuccessfully argued in *Castille*. Local Civil Rule 101.1, like its Pennsylvania counterpart, is nothing more than a standard regulation of the legal profession. It places minimal limitations on expressive activities. Unlicensed attorneys are free to represent themselves *pro se*, pass the New Jersey bar exam, or apply for admission *pro hac vice* on

13

a case-by-case basis.  The District Court's local rules do not target any speech based upon

its content or the viewpoint of the speaker.[12]  "[T]he broadly formulated First

Amendment argument here would, if successful, greatly undermine the power of states to

regulate bar membership, when this power has been repeatedly recognized and upheld by

the courts."  *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002).  If our own precedent

were not enough, both the Fourth Circuit and the United States District Court for the

District of Columbia recently rejected the NAAMJP's First Amendment arguments.

*Lynch*, 2016 WL 3361558, at *2; *NAAMJP v. Roberts*, No. 13-01963, 2015 WL

10459071, at *8-12 (D.D.C. Dec. 31, 2015), *appeal docketed*, No. 16-5020 (D.C. Cir.

Jan. 31, 2016).  We do so again.

### 4.    Equal Protection

In an equal protection challenge, we generally begin by determining the standard

of scrutiny applicable to the challenged statute or rule.  *Donatelli v. Mitchell*, 2 F.3d 508,

---

[12] The plaintiffs argue that the Supreme Court's recent opinion in *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218 (2015), should change our conclusion regarding content neutrality.  In a recently-filed letter brief, the plaintiffs go on to say that the doctrinal impact of *Reed* has been clarified by two of this Court's recent decisions – *Free Speech Coalition, Inc. v. Att'y Gen.*, No. 13-3681, 2016 WL 3191474 (3d Cir. June 8, 2016) and *Bruni v. City of Pittsburgh*, No. 15-1755, 2016 WL 3083776 (3d Cir. June 1, 2016).  We need not address that argument, however, since *Reed* predates our opinion in *Castille*, so it cannot constitute the sort of intervening authority that would permit us to "reevaluate a precedent."  *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996).  In any event, *Reed* does not help the plaintiffs.  Local Civil Rule 101.1 does not differentiate between attorneys based upon their viewpoints or the content of their speech.  Like the Pennsylvania bar admission rules at issue in *Castille*, it differentiates between them based only upon their state of bar admission.  We also note that the plaintiffs did not make their *Reed* argument in their opening brief, but instead only advanced the point in their reply brief and in a supplemental submission.  *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

513 (3d Cir. 1993). If a law burdens a fundamental right or targets a suspect classification of individuals, it must satisfy some level of heightened scrutiny. *Hassan v. City of New York*, 804 F.3d 277, 298-99 (3d Cir. 2015). If not, we apply the lowest standard of scrutiny, so-called "rational basis" review. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Under that standard, the challenged rule "comes ... bearing a strong presumption of validity, and those attacking the rationality of the [rule] have the burden to negative every conceivable basis which might support it." *Id*. at 314-15 (internal citations omitted). "[I]f there is any reasonably conceivable state of facts that could provide a rational basis for the classification," it must be upheld. *Id*. at 313. In other words, "[w]here there are plausible reasons for [the rule], our inquiry is at an end." *Id*. at 313-14 (internal quotation marks omitted).

Local Civil Rule 101.1 is subject to rational basis review. The rule treats attorneys differently based upon whether they are admitted to the state bar of New Jersey. It neither burdens a fundamental right nor targets a suspect class of people. *See Schumacher v. Nix*, 965 F.2d 1262, 1268 (3d Cir. 1992) ("The courts that have considered equal protection challenges to state bar rules have uniformly applied rational basis review."); *see also Castille*, 799 F.3d at 220 (applying rational basis review to NAAMJP's challenge to Pennsylvania reciprocal bar admission rule). We have previously upheld the central provision of Local Civil Rule 101.1 – that all attorneys practicing generally before the District Court must be members of the New Jersey bar – against an equal protection challenge applying rational basis review. *See In re Roberts*,

15

682 F.2d 105 (3d Cir. 1982) (per curiam). In that case, we identified the following

justifications for the District Court's preference for state-barred attorneys:

> Because there is no federal procedure in the district court for determining an applicant's fitness to practice law before it, the court may properly rely on prior admission to the bar of the supreme court of the state in which the district court sits. Counsel appointed to represent the district court points out also that tying district court admission to state bar membership tends to protect the interests of the public. For example, when a choice of either a federal or a state forum is available in a particular case an attorney admitted only to the federal court may choose that forum solely for that reason, possibly disregarding the interests of his client.

*Id*. at 108. Other courts have also pointed out, quite rightly, that federal courts often sit in

diversity and apply state substantive law, so familiarity with state law is a rational basis

on which to admit attorneys to the federal bar of that same state. *See Giannini v. Real*,

911 F.2d 354, 360 (9th Cir. 1990) (justifying California federal bar admission rules by

acknowledging that "questions of California substantive law permeate the range of cases

over which the district courts have subject matter jurisdiction").[13]

---

[13] The exceptions for patent attorneys admitted to practice before the United States Patent Office and attorneys representing the United States also have a rational basis. As we recognized in *Roberts*:

> We believe that the exemptions extended to certain patent lawyers and lawyers representing the United States and its agencies … are based on reasonable distinctions related to the court's interest in ensuring the competence of counsel appearing before it. Attorneys admitted to practice before the patent office must pass a uniform, national examination. This procedure serves as an adequate substitute for state examination for determining fitness to practice in this limited area of federal law. … In the case of counsel representing the United States, the court's interest in ensuring competence of lawyers appearing before it is satisfied by its reliance on the government to exercise care in the selection and supervision of its lawyers. [That exception] reasonably accommodates the

16

In response, the plaintiffs criticize the wisdom of the District Court's attorney admission rules. They say that "[t]he ABA has concluded [that] one bar exam for ABA graduates is enough," and they question whether the bar exam itself adequately ensures attorney competence. (Opening Br. at 34-35.) They also point out that "[t]hirty-nine states and the District of Columbia provide general admission on motion privileges to out-of-state licensed attorneys." (*Id*. at 35.) In other words, they argue that passing the New Jersey bar exam does not, in any way, make an attorney better suited to the practice of law in the District Court than passage of any of the other 50 bar exams offered across the United States.[14] Even if there were some empirical basis for that claim, it would not

---

> government's interest in representation without arbitrarily discriminating against attorneys engaged in private practice.

682 F.2d at 108.

[14] The plaintiffs make other assertions that, while they do not merit discussion, should be put forward for public consideration. They say, for example, that, "[i]f it is self-evident that all American citizens are created equal, then it follows that all American lawyers are created equal." (Opening Br. at 4.) They next argue that, "[i]f gays and lesbians have a constitutional right to have their state-licensed marriage recognized by the District Court, then it follows that attorneys and their clients have a substantive right to have their attorney-client relationship recognized by the District Court." (*Id*. at 4-5.) The plaintiffs also compare the District Court's local rules "to the literacy tests Blacks were required to pass in order to vote." (*Id*. at 13; *see also* Reply Br. at 3.) Payments by out-of-state attorneys admitted *pro hac vice* are, they say, "much like a poll tax on the right to vote." (*Id*. at 22.) They argue that "[t]he decision below, to be candid, much like cancer cells that have metalized [sic] and refuse to turn off because of a DNA coding error, is trapped with malfunctioning DNA." (*Id*. at 39.) They twice describe certain of the District Court's conclusions as a "fairy tale." (*Id*. at 41, 45.) And, in their supplemental submission, they cite *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992) to argue the inadequacy of *pro hac vice* admission, stating: "If a woman does not need to get her husband's permission to get an abortion, a woman lawyer does not need to get another attorney's permission to file a federal lawsuit." (Plaintiffs'

17

negate the rationales advanced for the District Court's attorney admission rule. "The assumptions underlying these rationales may be erroneous, but the very fact that they are arguable is sufficient, on rational-basis review, to immuniz[e] the [rule] from constitutional challenge." *Beach Commc'ns*, 508 U.S. at 320 (internal quotation marks omitted). For the reasons we identified in *Roberts*, limiting District Court bar admission to New Jersey attorneys is permissible under rational basis review.[15]

## III.  CONCLUSION

"[A] federal court has the power to control admission to its bar … ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Here, the District Court's local rules for attorney admission are neither unique nor particularly restrictive. "[F]ederal courts have traditionally used admission to the bar of a state court as a standard for initial admission to their bars … ." *Surrick v. Killion*, 449 F.3d 520, 529 (3d Cir. 2006). "To be sure, federal courts have uniformly rejected challenges to the requirement that admission to practice before individual federal district courts be limited to attorneys admitted to the bar of the forum state." *Priestley v. Astrue*, 651 F.3d 410, 422 n.5 (4th Cir. 2011) (Davis,

---

Supplemental Submission filed June 1, 2016 at 7.)  These arguments, such as they are, do not help the plaintiffs' contention that admission standards should be less rigorous.

[15] The plaintiffs also argue in their brief that the local rules violate federal antitrust laws by "providing New Jersey lawyers with a monopoly on access to the federal court … ." (Opening Br. at 55.)  They did not advance this claim in their complaint, however, nor did they make the argument below.  Accordingly, we will not consider that claim or argument on appeal. *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").

18

J., concurring in part and in judgment). We do the same here, and will therefore affirm the order of the District Court.