# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 9, 2017        Decided March 14, 2017

No. 16-5020

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF
MULTIJURISDICTION PRACTICE, (NAAMJP), ET AL.,
APPELLANTS

JOSE JUHUDA GARCIA AND HERBERT HOWARD DETRICK, II,
APPELLEES

v.

BERYL A. HOWELL, CHIEF JUDGE, U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01963)

*Joseph Robert Giannini* argued the cause and filed the briefs for appellants. *Raymond Carignan* entered an appearance.

*Brian P. Hudak*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: BROWN and PILLARD, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by BROWN, *Circuit Judge*.

BROWN, *Circuit Judge*:  The National Association for the Advancement of Multijurisdiction Practice ("NAAMJP") has conducted a thirty-year campaign to overturn local rules of practice limiting those who may appear before a particular state or federal court.  *See NAAMJP v. Simandle*, 658 F. App'x 127, 130 (3d Cir. 2016) (noting NAAMJP has "crisscrossed the United States, challenging local bar admission rules"); *Blye v. California Supreme Court*, No. 11-cv-5046, 2014 WL 229830, at *2 n.3 (N.D. Cal. Jan. 21, 2014) (collecting cases dating back to 1987).  We now join the chorus of judicial opinions rejecting these futile challenges.  *See, e.g.*, *Simandle*, 658 F. App'x 127; *NAAMJP v. Lynch*, 826 F.3d 191 (4th Cir. 2016); *Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990).

In the present case, NAAMJP and two of its members allege bar admission conditions for the United States District Court for the District of Columbia, established in the identical text of Local Civil Rule 83.8 and Local Criminal Rule 57.21 (collectively, the "Local Rule"), violate statutory and constitutional legal standards.  Specifically, the Local Rule provides:

> Admission to and continuing membership in the Bar of this Court are limited to:  (1) attorneys who are active members in good standing in the District of Columbia Bar; or (2) attorneys who are active members in good standing of the Bar of any state in which they maintain their principal law office; or (3) in-house attorneys who are active members in good

standing of the Bar of any state and who are authorized to provide legal advice in the state in which they are employed by their organization client.

D.D.C. LOCAL CIV. R. 83.8(a); D.D.C. LOCAL CRIM. R. 57.21(a). NAAMJP focuses its challenge on the second option, the Primary Office Provision.

Defendants—Judges of the United States District Court for the District of Columbia (the "District Court") and former Attorney General Loretta Lynch—moved to dismiss NAAMJP's complaint; the district court granted the motion in a thorough and thoughtful opinion.[1] Nonetheless, NAAMJP argues on appeal that the Local Rule (1) violates the Rules Enabling Act, 28 U.S.C. §§ 2071 and 2072; (2) runs afoul of the Supreme Court's decision in *Frazier v. Heebe*, 482 U.S. 641 (1987); (3) improperly applies rational basis review; and (4) violates 28 U.S.C. § 1738, admission requirements of other federal courts and administrative agencies, and the First Amendment to the U.S. Constitution. Because each of these arguments lacks merit, we affirm.

I.

As an initial matter, the district court properly concluded it lacked subject-matter jurisdiction to adjudicate (1) all claims brought by Patent Lawyer Doe ("Doe") and (2) all claims asserted against the Attorney General.

Both the Amended Complaint and Doe's Declaration fail to articulate any actual and imminent injury, which is necessary to establish Article III standing in this case. *See*

---

[1] The Honorable Nathaniel M. Gorton of the United States District Court for the District of Massachusetts, sitting by designation, presided over this case below.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562–64 (1992). Indeed, Doe does not describe where he practices law or otherwise suggest the Local Rule's Principal Office Provision has inhibited his legal practice. Conclusory assertions of harm, or reference to Doe's practice at a "Big Law firm in San Diego" in briefing on appeal, *see* NAAMJP Br. 7, do not remedy this deficiency.

Additionally, NAAMJP has failed to identify any role whatsoever of the Attorney General—or any member of the executive branch, for that matter—in promulgating or enforcing the District Court's local rules. Accordingly, the district court properly dismissed Doe and the Attorney General.

## II.

On the merits, NAAMJP argues the district court improperly applied the Rules Enabling Act, which permits judges to prescribe rules governing practice before their court. Specifically, 28 U.S.C. § 2071 states,

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title.

28 U.S.C. § 2071(a). The "rules of practice and procedure prescribed under section 2072 of this title" are rules adopted by the Supreme Court of the United States:

> The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts

(including proceedings before magistrate judges thereof) and courts of appeals. . . . Such rules shall not abridge, enlarge or modify any substantive right.

28 U.S.C. § 2072(a)–(b).

The Local Rule at issue here is indisputably "for the conduct of [the District Court's] business," *id.* § 2071(a); it explains which attorneys may practice before the District Court. Moreover, as explained below, the Principal Office Provision does not contravene any Act of Congress or "rules of practice and procedure" adopted by the Supreme Court. *See id.* § 2072(a). As the Third Circuit recently remarked, "The matter is no more complicated than that." *Simandle*, 658 F. App'x at 134 (adopting the Fourth Circuit's analysis in *Lynch*, 826 F.3d at 197).

Nonetheless, NAAMJP argues Sections 2071 and 2072 interlock, contending rules promulgated pursuant to Section 2071 must comply with Section 2072's mandate that "[s]uch rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Several courts of appeals have summarily rejected this argument. *See Lynch*, 826 F.3d at 197. Here, it suffices to note NAAMJP has failed to identify any substantive right—whether constitutional, statutory, or derived from national federal rules—that has been infringed by the Local Rule. Accordingly, NAAMJP cannot sustain its Rules Enabling Act challenge.

## III.

NAAMJP relies heavily on the Supreme Court's decision in *Frazier v. Heebe*, claiming it directly invalidates the Local Rule. But in *Frazier*, the Supreme Court exercised *its own unique supervisory authority* to overturn a local rule regarding bar admission in the Eastern District of Louisiana and, in so

doing, made no constitutional ruling. 482 U.S. at 645 ("Pursuant to our supervisory authority, we hold that the District Court was not empowered to adopt its local Rules to require members of the Louisiana Bar who apply for admission to its bar to live in, or maintain an office in, Louisiana where that court sits. We therefore need not address the constitutional questions presented."). No similar authority vests in a single district court judge. Rather, "[a] rule of a district court . . . remain[s] in effect unless modified or abrogated *by the judicial council of the relevant circuit*." 28 U.S.C. § 2071(c)(1) (emphasis added). The "judicial council," in turn, is a body comprised of "the chief judge of the circuit" and "an equal number of circuit judges and district judges of the circuit." *Id.* § 332(a)(1). A single district court judge or an appellate panel may not usurp that body's authority.[2] While this point may be "hyper-technical[]," NAAMJP Reply Br. 7, it is the law.

## IV.

Although NAAMJP does not identify the district court's equal protection holding as an issue under review, or otherwise clearly argue the district court erred in dismissing the Fifth Amendment claim, it nonetheless argues Judge Gorton erroneously applied "rational basis review" to resolve its claims.

To assess an equal protection claim, this Court begins by determining the appropriate standard of review. If a rule does not infringe a fundamental right or disadvantage a suspect class, no more than rational basis review is required. *FCC v.*

---

[2] NAAMJP argues *Frazier* created a standard of review requiring district court rules to meet a two-pronged "rational" and "necessary" test. NAAMJP Br. 17–18. The contention finds no support in the *Frazier* majority opinion, and we easily reject it.

*Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Such a rule "comes . . . bearing a strong presumption of validity, and those attacking the rationality of the [rule] have the burden to negative every conceivable basis which might support it." *Id*. at 314–15. Accordingly, "[w]here there are plausible reasons for [the challenged rule], our inquiry is at an end." *Id*. at 313–14.

Here, the Principal Office Provision is properly subject to rational basis review. For purposes of the Equal Protection Clause, it neither burdens a fundamental right nor targets a suspect class. *See Lynch*, 826 F.3d at 196; *Simandle*, 658 F. App'x at 137. It distinguishes among attorneys based on whether they have been admitted to the bar of the state where their principal law office is located, not on the basis of residency or any protected characteristic. *See* NAAMJP Reply Br. 5 (conceding the Local Rule discriminates "on the basis of office location"). For the same reason, any claim of heightened scrutiny under the Privileges and Immunities Clause also fails. *Cf. Barnard v. Thorstenn*, 489 U.S. 546 (1989) (invalidating a rule requiring Virgin Islands bar applicants to establish year-long residence and intent to remain in the Virgin Islands under the Privileges and Immunities Clause).

Here, the Principal Office Provision ensures attorneys who practice before the District Court—but who avoid supervision by the District of Columbia Bar—are subject to supervision by the state to which their practice is most geographically proximate. The Principal Office Provision embodies a reasonable assumption: local licensing control is better positioned to facilitate training sessions, conduct monitoring programs, and field complaints from the public— all rational bases for the Local Rule. Indeed, much more restrictive district court rules have passed rational basis

review in other circuits. *See, e.g.*, *Simandle*, 658 F. App'x at 130 (District of New Jersey admits only New Jersey bar members); *Lynch*, 826 F.3d at 194–95, 197 (District of Maryland's principal office provision is limited to those jurisdictions with reciprocity for District of Maryland bar members).[3]

V.

NAAMJP raises a number of additional claims under the Constitution and federal statutes. Each fails for the reasons discussed below.

First, NAAMJP asks this Court to declare the Local Rule invalid because it abridges the full faith and credit owed to State actions under 28 U.S.C. § 1738. But NAAMJP does not identify any state action that should compel the D.C. District Court to allow attorneys admitted in other jurisdictions to handle cases in that court. Indeed, there is none, and NAAMJP's Section 1738 claim must fail. *See, e.g.*, *Real*, 911 F.2d at 360 ("Giannini's claim lacks merit because no act, record or judicial proceeding, in New Jersey or Pennsylvania, states that Giannini is entitled to practice law in California."); *Simandle*, 658 F. App'x at 134 n.11 ("Of course, New York's judgment that an individual should be admitted to its own bar establishes only that fact (*i.e.*, admission to the state bar of New York), and does not even purport to require nationwide bar membership.").

---

[3] NAAMJP also claims this case involves structural error. But structural error does not refer to a heightened standard of review. *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) (discussing structural error, which "def[ies] analysis by harmless error standards" because it "affec[ts] the framework within which the trial proceeds" and is not "simply an error in the trial process itself"). Accordingly, the claim lacks merit.

Second, NAAMJP alleges the Local Rule violates admission requirements of other courts and governmental bodies, including Supreme Court Rule 5, setting forth rules for admission to the Supreme Court Bar; Federal Rule of Appellate Procedure 46, establishing general procedures for admission to the bars of the U.S. Courts of Appeals; and rules governing practice before federal administrative agencies. By their plain text, these rules apply only to the bodies that promulgated them, and they do not control the admission requirements of federal district courts. *See, e.g.*, *Real*, 911 F.2d at 360 ("The Supreme Court's Rule only concerns admission to practice before that court. It does not prescribe the requirements to practice before federal district courts. The district court admission rules differ from the Supreme Court admission rules but are not inconsistent in that they each deal with separate courts. Local District Court Rules are not required to mirror Supreme Court Rules."). NAAMJP fails to identify a single rule that reaches beyond its promulgating tribunal to apply to the District Court.

Third, and finally, NAAMJP mounts a First Amendment challenge to the Local Rule, arguing it violates both speech and petition rights. *See* U.S. CONST. amend. I.

Contrary to NAAMJP's suggestion, the Local Rule is not an unconstitutional content-based restriction on speech. Generally, the government may "license and regulate those who would provide services to their clients for compensation without running afoul of the First Amendment." *Moore-King v. Cty. of Chesterfield*, 708 F.3d 560, 569 (4th Cir. 2013); *see also Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459 (1978) ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the State's proper sphere of economic and professional regulation.").

Accordingly, "[i]f the government enacts generally applicable licensing provisions limiting the class of persons who may practice the profession, it cannot be said to have enacted a limitation on freedom of speech or the press subject to First Amendment scrutiny." *Lowe v. SEC*, 472 U.S. 181, 232 (1985) (White, J., concurring in the result). "Regulations on entry into a profession, as a general matter, are constitutional if they 'have a rational connection with the applicant's fitness or capacity to practice' the profession." *Id.* at 228 (quoting *Schware v. Bd. of Bar Exam'rs*, 353 U.S. 232, 239 (1957)).

Indeed, our sister circuits have rejected NAAMJP's First Amendment challenges to local rules in other district courts for this very reason, finding "the First Amendment does not come into play" when considering restrictions on admission similar to the Principal Office Provision. *Lynch*, 826 F.3d at 196; *see also, e.g.*, *NAAMJP v. Castille*, 799 F.3d 216, 220–21 (3d Cir. 2015). Here, the Local Rule "does not discriminate on the basis of the subject matter or viewpoint of any bar applicant's speech, the area of law an applicant would practice, or the clients an applicant would represent." *Castille*, 799 F.3d at 220. Nor does it "regulate when, where, or how attorneys speak, [or] prohibit a category of professional speech." *Id*. at 221. The Principal Office Provision merely regulates the profession in a manner that, as described above, passes rational basis review.

Further, as the district court noted, "[t]he Petition Clause of the First Amendment [as it is invoked here] protects the rights of individuals to access the courts for the resolution of legal disputes." *NAAMJP v. Roberts*, 180 F. Supp. 3d 46, 63 (D.D.C. 2015); *see Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011). But the Local Rule affects only attorneys wishing to appear before the District Court. And NAAMJP has not established that the Principal Office Provision has

prevented private litigants from accessing courts. *See Lynch*, 826 F.3d at 196 n.7 (dismissing NAAMJP's challenge to the rule at issue as "meritless and utterly inapplicable"). Accordingly, NAAMJP's First Amendment arguments fail.[4]

## VI.

The Court does not doubt the sincerity of NAAMJP's convictions or its eagerness to reduce barriers to legal practice in the various state and federal courts across the country. Indeed, there may be good *policy* reasons for the outcomes NAAMJP urges. But, as has been amply demonstrated in dozens of legal opinions penned by judges across the country, NAAMJP has identified no *legal* basis upon which to compel federal or state courts to adopt the rules it desires. Accordingly, the judgment of the district court is

*Affirmed*.

---

[4] While NAAMJP raises the district court's determination with respect to the right to free association, it does not develop this argument in its opening brief. Accordingly, the claim is forfeited. *See Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855, 869 (D.C. Cir. 2001) ("A litigant does not properly raise an issue by addressing it in a cursory fashion with only bare-bones arguments."). In any event, as Judge Gorton clearly held, these claims are baseless. *See Lynch*, 826 F.3d at 196 n.7. NAAMJP's members are free to associate with D.C. District Court Bar members—but they must follow one of the multiple paths set forth in the District Court's rules in order to do so.